# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MORREIO ALLEN # 363222,** | ) |
| Petitioner, | ) |
| | ) NO. 3:25-CV-00284 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **STATE OF TENNESSEE, THE** | ) MAGISTRATE JUDGE |
| | ) FRENSLEY |
| Respondent. | ) |

## ORDER

Petitioner Morreio Allen, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1, 6).[1] Plaintiff paid the filing fee. (Doc. No. 1).

After conducting a preliminary review of Petitioner's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, it is not readily apparent that Petitioner is not entitled to relief. Consequently, Respondent is **ORDERED** to file an answer, plead, or otherwise respond to the amended petition in conformance with Rule 5, Rules — § 2254 Cases, within 60 days of the date of entry of this Order.

By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record

---

[1] Petitioner's initial petition was unsigned. Thus, the Court ordered Petitioner to submit a signed petition by Order entered on March 13, 2025. (Doc. No. 4). Petitioner then submitted an identical signed petition. (Doc. No. 6).

1

(*e.g.*, plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

In lieu of an answer, Respondent may file a motion. If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion, timeliness, second or successive petitions, and/or other appropriate matters. In those instances, Respondent need not file the complete state court record at the time of filing his or her motion.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE